**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEARNEY J. FOX,
Petitioner,

v.

NEWPORT NEWS SHIPBUILDING AND

No. 96-2617

DRY DOCK COMPANY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order of the
Benefits Review Board.
(95-1935)

Submitted: May 6, 1997

Decided: May 29, 1997

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory E. Camden, RUTTER & MONTAGNA, L.L.P., Norfolk,
Virginia, for Petitioner. Benjamin M. Mason, MASON & MASON,
P.C., Newport News, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kearney Fox appeals an order of the Benefits Review Board affirming the Administrative Law Judge's (ALJ) decision denying benefits on a claim filed under the Longshore and Harbor Workers' Compensation Act (LHWCA).[1] Fox contends that the ALJ erred in denying him permanent partial disability for an injury to his back sustained while he worked as a third class mechanic welder for Newport News Shipbuilding and Dry Dock Co. (Newport News). Because substantial evidence supports the findings of the ALJ, [2] we affirm the order of the Benefits Review Board.

To qualify for disability benefits under the LHWCA, Fox must establish his inability to return to his regular and usual employment.[3] While Newport News did not dispute that Fox was unable to return to his duties as a welder in the shipyard, Newport News rebutted the presumption of disability by showing that suitable alternative employment was available to Fox.[4] Specifically, the ALJ found that considering Fox's age, background, employment history and experience, and physical capabilities,[5] Fox's employment as a mig welder with O&K Escalators constituted suitable alternative employment. We are not persuaded by Fox's arguments that his employment with O&K was the result of employer beneficence or Fox's "extraordinary effort."

_____

[1] 33 U.S.C.A. § 901-950 (West 1986 & Supp. 1997).
[2] **See** 33 U.S.C. § 921(b)(3) (1994); <u>Newport News Shipbuilding & Dry Dock Co. v. Tann</u>, 841 F.2d 540, 543 (4th Cir. 1988).
[3] **See Tann**, 841 F.2d at 542.
[4] **See id.**
[5] **See Trans-State Dredging v. Benefits Review Bd.**, 731 F.2d 199, 201 (4th Cir. 1984) (quoting <u>New Orleans (Gulfwide) Stevedores v. Turner</u>, 661 F.2d 1031, 1042-43 (5th Cir. 1981)).

2

Additionally, the ALJ found Fox's allegations of disabling pain not credible. None of the medical opinions presented in this case supported Fox's continued allegations of pain. Further, none of the several and varied medical tests performed after Fox returned to work full-time substantiated Fox's complaints. Moreover, the ALJ found that Fox engaged in rigorous physical activity that was inconsistent with Fox's claim of disabling pain. While Fox claims he can tolerate the pain for short periods of intense physical activity but not a full eight hour work day, this court must defer to the ALJ's credibility determinations and inferences from the evidence. **6** In short, the ALJ's determination to deny Fox permanent partial disability is rational and supported by the record as a whole.

Accordingly, the Benefits Review Board's decision to affirm the ALJ is hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**6 See Tann**, 841 F.2d at 543; <u>see also Kellough v. Heckler</u>, 785 F.2d 1147, 1150 n.3 (4th Cir. 1986) (appellate deference accorded to ALJ's findings of fact).